UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

L.D. MANAGEMENT COMPANY, et al.                                                    PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:18-CV-722-JRW

GREG THOMAS, in his official capacity as
SECRETARY OF THE KENTUCKY
TRANSPORTATION CABINET                                                              DEFENDANT

## ORDER AND DECLARATION

1. The Court **GRANTS** the joint summary judgment motion filed by L.D. Management Company and American Pride IX, Inc. (together, "Lion's Den") (DN 23).

    a. The Court **PERMANENTLY ENJOINS** the Secretary of the Kentucky Transportation Cabinet ("Kentucky") from enforcing the Kentucky Billboard Act against Lion's Den.[1]

    b. The Court **REVERSES** Kentucky's decision to dismiss Lion's Den's administrative appeal.

    c. KRS §§ 177.830 through 177.890 are unconstitutional on their face and as applied to Lion's Den.

    d. 603 KAR 10:002 and 603 KAR 10:010 are unconstitutional on their face and as applied to Lion's Den.

2. The Court **GRANTS** Kentucky's unopposed motion to amend or correct its summary judgment brief (DN 35).

---

[1] As a general rule, a court's injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

3. The Court **DENIES** Kentucky's summary judgment motion (DN 21).

4. The Court will enter a separate Final Judgment in Lion's Den's favor.

## **MEMORANDUM OPINION**

In many countries, censorship is routine. But not in America.² The First Amendment generally precludes the government from suppressing speech "because of its message, its ideas, its subject matter, or its content."³

\*   \*   \*

On land leased from a former employee, Lion's Den has a billboard off I-65: "Lion's Den Adult Superstore Exit Now."⁴ The billboard is on the side of a tractor trailer, and drivers can see it as they drive. That's the whole point of the billboard: Lion's Den wants to advertise its location to drivers, and its "Exit Now" message does just that.

---

² U.S. CONST. amend. I ("Congress shall make no law … abridging the freedom of speech."); U.S. CONST. amend. XIV, § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").
³ *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371 (2018); *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015); *McCullen v. Coakley*, 573 U.S. 464, 477 (2014); *United States v. Alvarez*, 567 U.S. 709, 716 (2012) (plurality op.); *Brown v. Entertainment Merchants Association*, 564 U.S. 786, 791 (2011); *United States v. Stevens*, 559 U.S. 460, 468 (2010); *R.A.V. v. St. Paul*, 505 U.S. 377, 384 n.4 (1992); *Simon & Schuster, Inc. v. Members of New York State Crime Victims Board*, 502 U.S. 105, 126 (1991) (Kennedy, J., concurring); *Arkansas Writers' Project, Inc. v. Ragland*, 481 U.S. 221, 229 (1987); *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 65 (1983); *Consolidated Edison Co. v. Public Service Commission*, 447 U.S. 530, 537 (1980); *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 776 (1976) (Stewart, J., concurring); *Erznoznik v. Jacksonville*, 422 U.S. 205, 215 (1975); *Police Department of Chicago v. Mosley*, 408 U.S. 92, 95 (1972).
⁴ DN 21-2.

Kentucky told Lion's Den to remove the billboard because it violates three Kentucky regulations: 1) it isn't securely affixed to the ground;[5] 2) it's on a mobile structure;[6] and 3) Lion's Den does not have a permit.[7] None of these requirements would apply if Lion's Den's billboard referred to activities on the land where the billboard sits. Raising an as-applied challenge and a facial challenge, Lion's Den filed this First Amendment lawsuit and asked the Court to hold the Kentucky Billboard Act unconstitutional.[8]

Lion's Den is entitled to summary judgment.

\*    \*    \*

Kentucky's regulations are content-based restrictions on speech.[9] That's because the legality of Lion's Den's sign depends on what the sign says.[10] If it refers to on-site activities, it doesn't need a permit. If it refers to off-site activities, it needs a permit, can't be mobile, and must be securely affixed to the ground.

---

[5] 603 KAR 10:010 Section 1(4)(d) ("The erection or existence of a static advertising device shall be prohibited in a protected area if the device … [i]s not securely affixed to a substantial structure permanently attached to the ground."); *see also*, DN 36 at #511 (Court: "So would you concede that this statute prohibits this sign?" Mr. Patrick: "Yes. Yes.").

[6] 603 KAR 10:010 Section 1(4)(m) ("The erection or existence of a static advertising device shall be prohibited in a protected area if the device … [i]s mobile, temporary, or vehicular."); *see also* DN 36 at #511 (Court: "Great. So in order for the sign to be legal, it would have to be describing the premises on which it is located, according to the statute, correct?" Mr. Patrick: "Correct. Yes.").

[7] 603 KAR 10:010 Section 7(2) ("With the exception of a nonconforming static advertising device, a permit shall be required from the department for a static advertising device located in a protected area.").

[8] DN 1 at ¶¶ 31, 39.

[9] *Cf. Thomas v. Bright*, 937 F.3d 721, 729 (6th Cir. 2019) ("The [Tennessee] Billboard Act's on-premises exception scheme is a content-based regulation of (restriction on) free speech.").

[10] *Reed*, 135 S. Ct. at 2227 (a content-based regulation "draws distinctions based on the message a speaker conveys."); *see also*, DN 36 at #520 (Court: "And I would suggest that in order to decide whether the sign is legal, the state has to read it." Mr. Patrick: "Right." Court: "Which means that the state has to consider its content, right?" Mr. Patrick: "Correct. It has to consider --" Court: "And so if the state has to consider --" Mr. Patrick: "Yes." Court: "-- its content, doesn't that mean that the regulation is content based?" Mr. Patrick: "Yes.").

Kentucky relies on the Sixth Circuit's 1987 decision in *Wheeler v. Commissioner of Highways*,[11] which found that Kentucky's regulation of signs was content-neutral because Kentucky's purpose was content-neutral.[12] But in 2015, the Supreme Court rejected similar reasoning in *Reed v. Town of Gilbert* and said that a regulation of signs is "presumptively unconstitutional" if it relies on the sign's content, regardless of the government's purpose.[13] Four years later, in *Thomas v. Bright*, the Sixth Circuit said, "*Reed* overruled *Wheeler*, which is no longer good law."[14]

Lion's Den relies on *Thomas* – the Sixth Circuit decision that *wasn't* overruled. At issue in *Thomas* was a Tennessee Billboard Act "identical" to Kentucky's Billboard Act.[15] Applying *Reed*, the Sixth Circuit found that Tennessee's "on-premises exception scheme is a content-based regulation of (restriction on) free speech."[16] It called the dispute "neither a close call nor a difficult question."[17] And it held the regulation unconstitutional because the on-premises/off-premises distinction was not narrowly tailored to serve Tennessee's asserted interests in public aesthetics, traffic safety, and protection of property owners' rights.[18]

Here, to justify the on-premises/off-premises distinction, Kentucky asserts public aesthetics, traffic safety, and protection of property owners' rights.[19] Sound familiar?

---

[11] 822 F.2d 586 (6th Cir. 1987).
[12] *See, e.g.*, DN 21 at #120.
[13] *Reed*, 135 S. Ct. at 2226; *see also, id.* at 2228 ("A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech.") (quoting *Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 429 (1993)).
[14] 937 F.3d at 732.
[15] *Id.*
[16] *Id.* at 729.
[17] *Id.*
[18] *Id.* at 733-4, 737.
[19] DN 31 at #442.

4

To be sure, the speech in *Thomas* was not commercial. But the First Amendment still subjects regulations of commercial speech to "heightened judicial scrutiny."[20] That has sometimes looked a lot like intermediate scrutiny.[21] Recently, it has arguably inched closer to strict scrutiny.[22]

In this case, the label doesn't matter.[23] To survive either inquiry, Kentucky must provide proof in support of its asserted interests.[24] Here, it has offered none. Instead, Kentucky admitted that it has no evidence that Lion's Den's billboard interfered with aesthetics along I-65 in a different manner than if it referred to on-premises activities.[25] Kentucky also admitted it has no evidence that Lion's Den's billboard has distracted any driver.[26] And rather than vindicating property owners' rights, Kentucky has undermined them by denying a landowner the right to continue leasing his property to Lion's Den.[27]

---

[20] *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 557 (2011).
[21] *See Posadas de Puerto Rico Associates v. Tourism Co. of Puerto Rico*, 478 U.S. 328, 340 (1986), *abrogated by 44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484 (1996).
[22] *Sorrell*, 564 U.S. at 572 ("To sustain the targeted, content-based burden [the statute] imposes on protected expression, the State must show **at least** that the statute directly advances a substantial governmental interest and that the measure is drawn to achieve that interest.") (emphasis added); *cf. Greater New Orleans Broadcasting Association v. United States*, 527 U.S. 173, 193-94 (1999) ("Even under the degree of scrutiny that we have applied in commercial speech cases, decisions that select among speakers conveying virtually identical messages are in serious tension with the principles undergirding the First Amendment.").
[23] *Cf.* Oral Argument at 44, 18-21, *District of Columbia v. Heller*, 554 U.S. 570 (2008) (No. 07-290) (Roberts, C.J.: "I mean, these standards that apply in the First Amendment just kind of developed over the years as sort of baggage that the First Amendment picked up.").
[24] *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 816 (2000) ("When the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions."); *Edenfield v. Fane*, 507 U.S. 761, 770-71 (1993) ("a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree.").
[25] DN 23-5 at #351; *see Brown*, 564 U.S. at 802 ("The consequence is that its regulation is wildly underinclusive when judged against its asserted justification, which in our view is alone enough to defeat it. Underinclusiveness raises serious doubts about whether the government is in fact pursuing the interest it invokes, rather than disfavoring a particular speaker or viewpoint.").
[26] DN 23-5 at #350.
[27] DN 21-3 at #140 (former employee makes $300 a month leasing the property where the billboard sits).

What's worse than Kentucky's billboard policing is how it may have selectively policed the particular billboard in this case. Lion's Den told Kentucky about other offending billboards on mobile structures and even provided photos of them.[28] This evidence – which *Kentucky* filed in support of its summary judgment motion – raises a suspicion that Kentucky specifically targeted Lion's Den and ignored other billboards that broke its rules. If so, this selective enforcement is viewpoint discrimination, an even more "egregious" violation of the First Amendment.[29]

\*   \*   \*

Among judges and academics, there is an ongoing and important debate about modern severability doctrine. "[W]hen early American courts determined that a statute was unconstitutional, they would simply decline to enforce it in the case before them. 'There was no "next step" in which courts inquired into whether the legislature would have preferred no law at all to the constitutional remainder.'"[30] But more recent precedents take that "next step."[31] Regardless of whether "modern severability precedents are in tension with longstanding limits on the judicial power," those precedents bind this Court.[32] And for two reasons, in this case, the unconstitutional on-premises/off-premises distinction in the Kentucky Billboard Act is not severable from the rest of the Act.

---

[28] DN 21-3 at #141-2; *id.* at #147-62; *see also*, DN 23-4 at #290-99.
[29] *Reed*, 135 S. Ct. at 2230 (quoting *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 829 (1995)); *Becerra*, 138 S. Ct. at 2379 (2018) (Kennedy, J., concurring) (a "serious threat" is "presented when government seeks to impose its own message in the place of individual speech, thought, and expression.").
[30] *Murphy v. National Collegiate Athletic Association*, 138 S. Ct. 1461, 1486 (2018) (Thomas, J., concurring) (quoting Kevin C. Walsh, *Partial Unconstitutionality*, 85 N.Y.U. L. Rev. 738, 777 (2010)); *cf.* William Baude, *The Judgment Power*, 96 Geo. L.J. 1987, 1815 (2008) (judgments "bind only to the limit of a court's jurisdiction").
[31] *See Murphy*, 138 S. Ct. at 1486 (Thomas, J., concurring).
[32] *Id.* at 1487.

First, Kentucky didn't specifically raise severability as a defense in this lawsuit.[33] Nor did it raise severability in the summary judgment briefing.[34]

Second, for the same reasons the on-premises/off-premises distinction was not severable from the Tennessee Billboard Act in *Thomas*, the distinction is not severable from the materially "identical" Kentucky Billboard Act here.[35] If anything, the case against severability is even stronger in Kentucky, because Tennessee's statutory presumption against severability doesn't contain Kentucky's express exception to that presumption when a statute's "remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the General Assembly would not have enacted the remaining parts without the unconstitutional part."[36]

---

[33] *See* DN 12.
[34] *See* DNs 21, 31, & 33; *see also American Meat Institute v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984) ("Defendants raised their issue regarding severability for the first time in their motion for reconsideration, filed in the District Court after the injunction had been issued. By bringing this issue before the District Court in such an untimely fashion, defendants effectively waived their argument on severability and have no basis to assign failure to sever as an error on this appeal.") (citing *Roberts v. Berry*, 541 F.2d 607, 610 (6th Cir. 1976); *Bannert v. American Can Co.*, 525 F.2d 104, 111 (6th Cir. 1975), *cert. denied*, 426 U.S. 942 (1976)).
[35] *Thomas*, 937 F.3d at 732 (Tennessee Billboard Act is "identical" to Kentucky Billboard Act); *Thomas v. Schroer*, No. 13-CV-02987-JPM-CGC, 2017 WL 6489144, at *16 (W.D. Tenn. Sept. 20, 2017) ("the Billboard Act is not severable, either by severing the challenged provisions or by limiting the application of those provisions to only commercial speech"), *aff'd sub nom.*, 937 F.3d at 728 ("The district court held that the Billboard Act was not severable, and Tennessee has not challenged that holding in this appeal. We will not *sua sponte* address the merits of that issue."); *see also*, 937 F.3d at 733 ("Because the on-premises exception is not severable from the Billboard Act, we must consider the Act as a whole and analyze both Tennessee's interests and precisely how Tennessee has tailored the Act to achieve those interests."); *id.* ("Tennessee's Billboard Act contains a non-severable regulation of speech based on the content of the message."); *Thomas v. Schroer*, 248 F. Supp. 3d 868, 895 n.12 (W.D. Tenn. 2017) ("The Court notes that if it were clear from the face of the statute that the Tennessee legislature would have enacted the Billboard Act with the unconstitutional on-premises/off-premises distinction omitted, the Court could sever the unconstitutional provisions while the Billboard Act's constitutional provisions stay in effect. The Court, however, is unpersuaded that the Billboard Act, as written, is severable in this manner.") (cleaned up), *aff'd sub nom.*, 937 F.3d at 728.
[36] KRS § 446.090. *Compare id. with* TENN. CODE § 1-3-110.

\* \* \*

The billboard for Lion's Den may remain where it stands. The Kentucky Billboard Act is unconstitutional in its entirety.

*Justin R Walker*, District Judge
United States District Court

April 24, 2020